Ed K. Bassey SBN:146740
Attorney at Law
309 South "A" Street
Oxnard, CA 93030
Phone No.  (805)487-8689
Fax No.  (805)486-8868

Attorney for Plaintiff:
**Luis Gamino**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GAMINO </br></br> PLAINTIFF, </br></br> Vs. </br></br> INFAB CORPORATION AND DOES 1-10, INCLUSIVE </br></br> DEFENDANTS. | DOCKET NO.: </br></br> **COMPLAINT FOR DAMAGES ARISING FROM AGE DISCRIMINATION; AND RETALIATION** </br></br> **JURY TRIAL DEMANDED** |

Plaintiff, Luis Gamino, complains of Defendants as follows:

### JURISDICTION AND VENUE

1. This action is brought to remedy discrimination on the basis of Age Discrimination, conditions and privileges of employment and to remedy violation of the Title VII of the Civil Rights Act and ADEA.

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. section 2000 (e)(f) and (g) and the Civil Rights Act of 1991.

Complaint for Damages

1

3. The Equal Employment Opportunity Commission, "EEOC" issued Plaintiff a notice on October 14, 2021 informing him of his right to sue Defendants in Federal Court.

4. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of this Court is proper under Section 706(f)(3) of Title VII, 42 U.S.C. Section 2000e-5(f)(3) and ADEA.

5. As the unlawful employment practice complained of herein occurred within the Central District of California, venue is proper in this District pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. Section 2000e-5(f)(3).

## PARTIES

6. At all relevant times herein mentioned, Plaintiff, Luis Gamino, was an employee of defendant Infab Corporation until the wrongful termination of his employment by Defendant on or about April 1, 2021.

7. Upon information and belief, Defendant, at all times relevant herein, conducted a substantial part of business in Ventura County, California.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff began working for Defendant in or about 2017 until on or about April 1, 2021. During the course of his employment, plaintiff was subjected to age discrimination by defendant. That is, defendant terminated plaintiff's employment because of plaintiff's age, 55 years old, by allegedly laying him off while retaining younger and less experienced employees that plaintiff trained. Furthermore, defendant retaliated against plaintiff by terminating his employment because he asked for a pay raise that was promised to him but never paid.

9. As a proximate result of defendant's retaliation against Plaintiff, plaintiff filed

Complaint for Damages

a charge with the E.EO.C; charge number 480-2013-03008. On or about October 14, 2021, the E.E.O.C issued Plaintiff his Right to Sue letter.

# FIRST CAUSE OF ACTION
## STATUTORY AGE DISCRIMINATION

10. Plaintiff incorporates paragraphs 1 through 9 and they are realleged and incorporated herein by reference. **This cause of action is pled against defendant Infab Corporation.**

11. Plaintiff was at all times material hereto an employee covered by **Section 706(g) of Title VII (42 U.S.C. 2000e–2)**, prohibiting discrimination in employment on the basis of age discrimination.

12. Defendant has discriminated against plaintiff based on his age in that during his employment with defendant he was subjected to age discrimination as more fully set forth in paragraphs 8 and 9.

13. Defendants were at all times hereto employers within the meaning of **Section 706(g) of Title VII (42 U.S.C. 2000e–2)**, and, as such, are barred from discrimination in employment decisions on the basis of age discrimination as set forth in **Section 706(g) of Title VII (42 U.S.C. 2000e–2)** and the Civil Rights Act of 1964.

14. Plaintiff has satisfied all of the procedural and administrative requirements set forth in **Section 706(g) of Title VII (42 U.S.C. 2000e–2)**, in particular:

a) Plaintiff filed a timely charge of discrimination with the Department of Fair Employment and Housing (DFEH) and Equal Employment Opportunity Commission (E.E.O.C.)

b) The "E.E.O.C" has issued a "right to sue" letter to the plaintiff;

c) Plaintiff has timely filed the within complaint herein with the court within the required

ninety days after receiving his "right to sue" letter, pursuant to **Section 706(g) of Title VII (42 U.S.C. 2000e–2)**

15. As a proximate result of defendant's discrimination against plaintiff, plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to his damages in an amount according to proof.

16. Defendant committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring plaintiff from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from defendant in an amount according to proof.

17. As a result of defendant's discrimination acts as alleged herein, plaintiff has no plan, adequate or complete remedy at law, defendant continues to engage in said alleged wrongful practice. Therefore, plaintiff requests that he be made whole and afforded all benefits attendant thereto that would have been afforded plaintiff but for said discrimination.

18. As a result of defendant's discriminatory acts as alleged herein, plaintiff is entitled to reasonable attorney's fees and costs of said suit as provided by **Section 706(g) of Title VII (42 U.S.C. 2000e–2)**.

## SECOND CAUSE OF ACTION
## RETALIATION

19. Plaintiff incorporates paragraphs 1 through 10 and they are realleged and incorporated herein by reference. **This cause of action is pled against defendant Infab Corporation.**

Complaint for Damages

4

20. Plaintiff was at all times material hereto an employee covered by **Section 706(g) of Title VII (42 U.S.C. 2000e–2)**, prohibiting discrimination in employment on the basis of retaliation.

21. Defendant has retaliated against plaintiff by terminating plaintiff's employment for asking for a pay raise.

22. Defendants were at all times hereto employers within the meaning of **Section 706(g) of Title VII (42 U.S.C. 2000e–2)**, and, as such, are barred from discrimination in employment decisions on the basis of retaliation as set forth in **Section 706(g) of Title VII (42 U.S.C. 2000e–2)** and the Civil Rights Act of 1964.

23. Plaintiff has satisfied all of the procedural and administrative requirements set forth in **Section 706(g) of Title VII (42 U.S.C. 2000e–2)**, in particular:

a) Plaintiff filed a timely charge of discrimination with the Department of Fair Employment and Housing (DFEH) and Equal Employment Opportunity Commission (E.E.O.C.)

b) The "E.E.O.C" has issued a "right to sue" letter to the plaintiff;

c) Plaintiff has timely filed the within complaint herein with the court within the required ninety days after receiving his "right to sue" letter, pursuant to **Section 706(g) of Title VII (42 U.S.C. 2000e–2)**

24. As a proximate result of defendant's discrimination against plaintiff, plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to his damages in an amount according to proof.

25. Defendant committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring plaintiff from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from defendant in an amount

Complaint for Damages

according to proof.

26. As a result of defendant's retaliation acts as alleged herein, plaintiff has no plan, adequate or complete remedy at law, defendant continues to engage in said alleged wrongful practice. Therefore, plaintiff requests that he be made whole and afforded all benefits attendant thereto that would have been afforded plaintiff but for said discrimination.

27. As a result of defendant's discriminatory acts as alleged herein, plaintiff is entitled to reasonable attorney's fees and costs of said suit as provided by **Section 706(g) of Title VII (42 U.S.C. 2000e–2)**.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court enter a judgment as follows:

1. Declaring that the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act.

2. Enjoining and permanently restraining these violations of Title VII of the Civil Rights Act.

3. Directing Defendants to place plaintiff in the position he would have occupied but for defendant's retaliatory treatment, including but not limited to wage, pension and other lost benefits;

4. Awarding plaintiff the costs of this action together with reasonable attorney's fees, as provided by section 706(k) of Title VII, 42 U.S.C. section 2000e-6(k);

5. Directing defendants to pay plaintiff compensatory damages in the amount of, to be determined at trial.

6. Directing defendants to pay plaintiff for his general damages for pain and suffering according to proof;

Complaint for Damages

6

7. Directing defendants to pay plaintiff punitive damages according to proof; and

8. Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a Jury Trial on all issues in this matter.

Dated: December 14, 2021        Respectfully submitted,

By _____
Ed K.  Bassey
Attorney for Plaintiff
Luis Gamino

Complaint for Damages

7